UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Carter

　　　　　　　　　　　Plaintiff(s),

　　　　v.

Buzbee, et al.

　　　　　　　　　　　Defendant(s).

---

26 __-cv-__2775__(DEH)

**CIVIL CASE MANAGEMENT**
**PLAN AND SCHEDULING**
**ORDER**

---

DALE E. HO, United States District Judge:

　　　This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Rule 26(f)(3).[1]

1.　All parties [consent ☐ / do not consent ☑ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within **three business days** of submitting this Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.　The case [is ☑ / is not ☐ ] to be tried to a jury.

3.　The parties [have ☐ / have not ☑ ] conferred pursuant to Rule 26(f).

4.　Settlement discussions [have ☐ / have not ☑ ] taken place.

　　a.　Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following information within _____ days/weeks: _____
　　　　_____
　　　　_____
　　　　_____

---

[1] All references to Rules are to the Federal Rules of Civil Procedure.

1

b. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

☐ Immediate referral to the District's Mediation Program

☐ Immediate referral to a Magistrate Judge

☐ Referral to the District's Mediation Program after the close of fact discovery

☐ Referral to a Magistrate Judge after the close of fact discovery

☐ Retention of a private mediator

☐ Other: _____

c. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this order.**

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than June 3, 2026_____. [*Absent exceptional circumstances, a date not more than **14 days** following the Initial Pretrial Conference.*]

6. Unless a party amends a pleading as a matter of course pursuant to Rule 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than May 22, 2026_____. [*Absent exceptional circumstances, a date not more than **30 days** following the date of this Order. Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Rule 16(b)(4) rather than the more lenient standards of Rule 15 and 21.*]

7. Fact Discovery

a. All fact discovery shall be completed no later than December 31, 2026_____. [*A period not to exceed **120 days** from the date of this Order, unless approved by the Court due to exceptional circumstances.*]

b. Initial requests for production of documents pursuant to Rule 34 shall be served no later than July 3, 2026_____. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

c. Interrogatories pursuant to Rule 33 shall be served no later than October 30, 2026_____. [*Absent exceptional circumstances, a date not more than **30 days** following the Initial Pretrial Conference.*]

2

   d.  Depositions pursuant to Rules 30 and 31 shall be completed by the date set forth in paragraph 7(a).

   e.  Requests to admit pursuant to Rule 36 shall be served no later than October 30, 2026. [*Absent exceptional circumstances, a date no later than* **30 days** *before the close of all discovery.*]

   f.  Any of the deadlines in paragraphs 7(b)–(d) may be extended by the written consent of all parties without application to the Court, provided that all discovery pursuant to paragraphs 7(b)–(d) is completed by the date set forth in paragraph 7(a).

8.  [*If applicable*] Expert Discovery

   a.  Anticipated types of experts: The parties reserve all rights to designate experts at the appropriate stage of the proceedings. Without waiver, the parties anticipate introducing experts on liability and damages.

   b.  All expert discovery, including expert reports and depositions, shall be completed no later than February 26, 2027. [*Absent exceptional circumstances, a date no later than* **45 days** *from the end of fact discovery deadline set forth in paragraph 7(a).*]

   c.  Plaintiff's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than January 15, 2027.

   d.  Defendant's expert disclosures pursuant to Rule 26(a)(2) shall be made no later than February 12, 2027.

   e.  The interim deadlines in paragraphs 8(c)–(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(b).

9.  Privileged Materials and Trial-Preparation Materials

   a.  [*If and as applicable*] The parties shall comply with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than 11/30/26 using the following method or methods:

     preparation of a privilege log.

b.  The parties [have ☐ / have not ✔] reached an agreement under Fed. R. Evid. 502.

*[If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).]*

c.  The parties [do ✔ / do not ☐] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted.

*[If the parties believe that a protective order is warranted, they should file an agreed-upon proposed order. Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).]*

10. [*To be completed by the Court*] The Court will conduct a case management conference following the close of discovery on ___March 10, 2027___ at ___11 A.M.___ . The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: ___507 446 968___, followed by the pound sign (#). The parties shall submit a joint status letter by ___March 4, 2027___. The letter shall state whether any party intends to file a dispositive motion. The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions

11. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order.

12. Counsel for the parties have conferred and their best estimate of the length of trial is ___8-14 trial days___ .

13.. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Rule 26(f)(3), are set forth below:

preparation of a privilege log.

14. This Order may not be modified or the dates herein extended, except as provided in paragraphs 7(f) and 8(e) or by further Order of the Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraphs 7(f) and 8(e), shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no fewer than two business days prior to the expiration of the date sought to be extended.

Dated:  May 18, 2026

      New York, New York

SO ORDERED.

_____

DALE E. HO
United States District Judge