**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAWN COREY CARTER,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BUZBEE, DAVID FORTNEY, ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), ANTIGONE CURIS, CURIS LAW, PLLC and JANE DOE,<br><br>Defendants. | Case No. 1:26-cv-02775-DEH |

**STIPULATION AND PROTECTIVE ORDER**

This matter having come before the Court by stipulation of Plaintiff Shawn Corey Carter ("**Plaintiff**"), and Defendants Anthony Buzbee, David Fortney, Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm), Antigone Curis, Curis Law, PLLC, and Jane Doe (collectively, "**Defendants**") (Plaintiff and Defendants are each referred to herein individually as a "**Party**" and, collectively, as the "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) ("**Rule 26(c)**"), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by the Parties and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, through their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

**IT IS HEREBY AGREED, STIPULATED, AND ORDERED THAT:**

**1.** This Stipulation is being entered into to facilitate the production, exchange and discovery of documents, information and things, including, without limitation, deposition testimony, document productions, data, interrogatory responses, responses to requests to admit, expert reports and subpoena responses, and other documents and/or information produced and/or exchanged in connection with this action, either formally or informally (hereinafter "**Discovery Materials**").

**2.** Any Party or non-party producing Discovery Materials may designate such Discovery Materials as "**Confidential**" or "**Highly Confidential – Attorney's Eyes Only**" by notation on each page of the document so designated, or written notice to the respective undersigned counsel for the Parties hereto.

**3.** As used herein:

**3.1.** "**Confidential Information**" shall mean all Discovery Materials, and all information contained therein or derived therefrom, that is designated as "Confidential Information" pursuant to paragraphs 2, 9, or 12, and that the designating Party or non-party reasonably believes constitutes or contains: (i) information that is confidential, sensitive, competitive, proprietary or potentially invasive of an individual's or entity's privacy interests; (ii) information that is subject by law or contract to a legally protected right of privacy and/or the designating Party or non-party is under a preexisting obligation to a third-party to ensure its confidential treatment; or (iii) other information the disclosure of which would, in the good faith judgment of the designating party or non-party, be detrimental to the conduct of its business or the business of its customers or clients.

3.2. "**Highly Confidential – Attorney's Eyes-Only Information**" shall mean any "Confidential Information" the disclosure of which, to persons other than those identified in paragraph 5 below, the designating Party or non-party reasonably expects to: (i) cause irreparable harm to the designating Party or non-party; or (ii) otherwise create a substantial risk of competitive, commercial, business, personal, or privacy injury to the designating Party or non-party or its interests that could not be avoided by a less restrictive designation as "Confidential." A designation of "Highly Confidential – Attorney's Eyes-Only Information" pursuant to pursuant to paragraphs 2, 9, or 12 constitutes a representation that such "Confidential Information" has been reviewed by an attorney for the designating Party or non-party and that there is a valid and good faith basis for such a designation.

3.3. "**Producing Party**" shall mean any Party and/or any non-party that produces any Discovery Material in connection with this action that any Party or non-party has designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" pursuant to paragraphs 2, 9, or 12.

3.4. "**Receiving Party**" shall mean any Party and/or any non-party that receives any Discovery Material designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information," or any information derived from such Discovery Material, in connection with this action.

**4.** A Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information." The Parties shall meet and confer on the dispute within two (2) business days. If the Producing Party does not agree to de-designate

such Discovery Material, the Receiving Party may move before the Court pursuant to Rule 4(k) of the Hon. Dale E. Ho's Individual Rules and Practices in Civil Cases ("**Individual Rules**") for an order de-designating the Discovery Material. The Discovery Material shall continue to be treated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party at all times bears the burden of establishing the propriety of its designation of documents or information as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information."

**5.** Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information, and any information contained therein, shall not be furnished, shown, communicated or disclosed to any person or entity except to:

**5.1.** Parties who are natural persons;

**5.2.** personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding in this action and who have been advised of their obligations hereunder, and for the avoidance of doubt, this shall include Deisree Perez;

**5.3.** counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding in this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

**5.4.** expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with

respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

**5.5.** the Court and court personnel;

**5.6.** an officer before whom a deposition is taken, including stenographic reporters and videographers, and any necessary secretarial, clerical or other personnel of such officer;

**5.7.** trial and deposition witnesses, and their counsel, if furnished, shown, communicated or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

**5.8.** any other person agreed to by the Producing Party.

**6.** Except with the prior written consent of the Producing Party or by order of the Court, "Highly Confidential – Attorney's Eyes-Only Information" shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 5.3-5.8, subject to paragraphs 8, 10 and 11 herein.

**7.** "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall be utilized only for purposes of this litigation and for no other purposes. For the avoidance of doubt, this paragraph does not apply to the Producing Party.

**8.** Before any disclosure of "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" is made to an expert witness or consultant pursuant to paragraph 5.4 thereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the

other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

**9.** Unless otherwise designated during the deposition, all depositions shall presumptively be treated as “Confidential Information” and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties that ordered a transcript. At the end of such fifteen-day period, the deposition shall lose this protection unless designated as “Confidential Information” or “Highly Confidential – Attorney’s Eyes-Only Information” by any Party or the witness being deposed, by notifying the court reporter and all counsel in writing of those pages of the transcript which are to be stamped and treated as “Confidential Information” or “Highly Confidential – Attorney’s Eyes-Only Information.” Blanket designations of deposition transcripts are presumptively invalid.

**10.** Should the need arise for any Party or non-party to disclose “Confidential Information” or “Highly Confidential – Attorney’s Eyes-Only Information” in connection with any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion, shall deem necessary to preserve the confidentiality of such “Confidential Information” or “Highly Confidential – Attorney’s Eyes-Only Information.” The Party or non-party seeking to disclose the “Confidential Information” or “Highly Confidential – Attorney’s Eyes-Only Information” in the manner set out in this paragraph must advise the Producing Party at the earliest possible opportunity.

**11.** This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Discovery Material that has been designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" under the terms hereof. Any deposition witness, and their counsel, who is given access to Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness or their counsel refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing compliance with the Stipulation.

**12.** A Party may designate as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof, as set forth in this paragraph 12. All Discovery Material produced or provided by a non-party shall be treated as "Confidential Information" for a period of fifteen (15) days after receipt by counsel for the Parties, whereafter it shall lose such designation unless designated otherwise.

**12.1.** In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation.

**12.2.** In the case of non-party deposition testimony, designation shall be made by notifying the court reporter and all counsel in writing of those pages of the transcript which are to be stamped and treated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" at any time up to fifteen (15) days after the transcript is received by counsel for the Party asserting the confidentiality designation.

**12.3.** For the avoidance of doubt, a non-party that is a Producing Party may designate Discovery Material that it produces or provides as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" pursuant to paragraphs 2 and 9 herein.

**12.4.** Except with the prior written consent of the non-party or by Order of the Court, "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 5, subject to paragraphs 8, 10 and 11 herein.

**13.** In the event that any "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" is used or entered as exhibits at depositions, it shall not lose its status as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" through such use.

**14.** A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information," or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall file the document, pleading, brief, or

memorandum on the CM/ECF system under seal and/or in redacted form pursuant to the procedures set forth in United States District Court Southern District of New York's CM/ECF Sealed Filings and Miscellaneous Cases, the United State District Court Southern District of New York's Electronic Case Filing Rules then in effect, Local Civil Rule 5.2, and the Court's Individual Rules.

**15.** Any person receiving "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" so as to prevent unauthorized disclosure.

**16.** Any document or information that may contain "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" that has been inadvertently produced without identification as to its "Confidential" nature as provided in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to counsel for the Parties identifying the document or information as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" within a reasonable time following the discovery that the document or information has been produced without such designation.

**17.** Extracts and summaries of "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall also be treated with the same level of confidentiality as the designated information from which it was derived.

**18.** The production or disclosure of "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" shall in no way constitute a waiver of each Producing

Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, "Confidential Information" or "Highly Confidential – Attorney's-Eyes Only Information." Failure to challenge a "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" designation shall not preclude a subsequent challenge thereto.

**19.** This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

**20.** This Stipulation and the provisions contained herein shall, absent prior written consent of all Parties, continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents, information or testimony that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

**21.** Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

**22.** Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information," and all reproductions thereof, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to

destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

**23.** If a Receiving Party is called upon to produce "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within three (3) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information," if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

**24.** This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree through the written consent of all Parties to different or additional protections for any particular material or information.

**25.** This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

SO ORDERED.

Dated: August 18, 2026
New York, New York

Dale E. Ho
United States District Judge

**REED SMITH LLP**

*/s/ Jordan W. Siev*
By: Jordan W. Siev
Casey D. Laffey
Ian M. Turetsky
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel. (212) 205-6085
Fax (212) 521-5450
jsiev@reedsmith.com
claffey@reedsmith.com
ituretsky@reedsmith.com

**KAPLAN MARTIN LLP**

*/s/ Roberta A. Kaplan*
By: Roberta A. Kaplan
Ellen V. Holloman
Christopher R. Le Coney
1133 Avenue of the Americas | Suite 1500
New York, New York 10036
Tel. (212) 316-9500
rkaplan@kaplanmartin.com
eholloman@kaplanmartin.com
cleconey@kalanmartin.com

**BRITO PLLC**

*/s/ Alejandro Brito*
By: Alejandro Brito

2121 Ponce de Leon Blvd,
Suite 650
Coral Gables, Florida 33134
Tel. (305) 614-4071
abrito@britopllc.com

**MORRISON MOHONEY LLP**

*/s/ Brian P. Heermance*
By: Brian P. Heermance
Christopher P. Keenoy
Wall Street Plaza
88 Pine Street, Suite 1900
New York, New York 10005
Tel. (212) 825-1212
bheermance@morrisonmahoney.com
ckeenoy@morrisonmahoney.com

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

*/s/ Jessica N. Meyers*
By: Jessica N. Meyers
George L. Frank
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: 212.653.8700
jmeyers@sheppard.com
gfrank@sheppard.com

Camille M. Vasquez (*admitted PHV*)
Samuel A. Moniz (*admitted PHV*)
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
cvasquez@sheppard.com
smoniz@sheppard.com

**MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC**

*/s/ J. Blair Newman, Jr.*
By: J. Blair Newman, Jr.

11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)
bnewman@mcdowellknight.com

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAWN COREY CARTER,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BUZBEE, DAVID FORTNEY, ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), ANTIGONE CURIS, CURIS LAW, PLLC and JANE DOE,<br><br>Defendants. | Case No. 1:26-cv-02775-DEH |

**AGREEMENT TO RESPECT CONFIDENTIAL MATERIAL**

I hereby acknowledge that I have received a copy of the Stipulation and Protective Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on ____________________. I have carefully read and understand the provisions of the Stipulation. I will comply with all of the provisions of the Stipulation. I will hold in confidence, will not disclose to anyone not permitted under the Stipulation, and will use only for purposes as permitted by the Stipulation, any Confidential Information that is disclosed to me. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Stipulation in this action.

Dated:____________________ ________________________
[signature]

Name: ____________________________
Employer: __________________________
Business Address: ____________________________________
Home Address: ______________________________________
Email Address: ________________