Sheppard

September 25, 2026

+1.714.424.8251
JMeyers@sheppard.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Carter v. Buzbee, et al.*, Case No. 26-cv-02775-DEH

Dear Judge Ho:

I write on behalf of Defendants Anthony Buzbee, David Fortney, and Anthony G. Buzbee LP (collectively, the "Buzbee Parties") with regard to Plaintiff's letter motion, filed yesterday at ECF No. 165, for leave to file an enlarged omnibus opposition brief to defendants' pending motions to dismiss (the "Letter Motion"). The Letter Motion represents that the parties met and conferred and Defendants consented to Plaintiff's request for an enlarged page limit. The Buzbee Parties hereby rescind their consent, which was procured by fraud, and oppose the relief sought by the Letter Motion.

On the evening of September 23, 2026, Maximilian Crema e-mailed counsel for all defendants – the Buzbee Parties, Antigone Curis and Curis Law, PLLC (the "Curis Defendants") and Jane Doe – asking that Defendants consent "to a fifteen-page enlargement of the default page limit, permitting Plaintiff to file a consolidated opposition of up to 40 pages." The following morning, September 24, 2026, counsel for Jane Doe responded "no objection from Jane Doe." Shortly thereafter, counsel for the Curis Defendants responded with no objection as well. Mr. Crema then followed up requesting the Buzbee Parties' position. On the understanding that Plaintiff was seeking an extra fifteen pages to respond to all three of defendants' pending motions to dismiss, including Jane Doe's which, unlike the Buzbee Parties' and Curis Defendants' motions, addressed Plaintiff's defamation claim against her, the Buzbee Parties raised no objection.

The Letter Motion, too, is expressly premised on Plaintiff filing an omnibus opposition to all three of defendants' pending motions to dismiss; Plaintiff cites to the ECF numbers for all three of the pending motions: ECF Nos. 152 (Jane Doe's motion), 155 (Curis Defendants' motion), 156 (Buzbee Parties' motion). Yet, hours after filing the Letter Motion, Plaintiff filed a notice of voluntary dismissal without prejudice as to Jane Doe, at ECF No. 166 (the "Notice of Dismissal").

The Notice of Dismissal attaches a detailed declaration from Jane Doe that she avers she reviewed and discussed with her counsel of record, J. Blair Newman, Jr., before signing. The only reasonable conclusion to be drawn is that the dismissal of Jane Doe from this action, which would moot her pending motion to dismiss, was in the works well before Plaintiff's counsel requested leave to file a 40-page omnibus opposition to all three of defendants' pending motions to dismiss. Plaintiff's counsel not only deceived counsel for the Buzbee Parties and Curis Defendants, but the Court as well.

The Court should, accordingly, deny Plaintiff's Letter Motion. Setting aside Plaintiff's bait-and-switch, Plaintiff does not need fifteen extra pages to respond to the Buzbee Parties' and Curis Defendant's pending motions to dismiss; both motions address the same two claims – malicious prosecution and violation of Section 487 of the Judiciary Law – and raise largely the same arguments for their dismissal. In short, Plaintiff does not need the extra pages and should not be rewarded for his and his counsel's dishonest conduct.

Respectfully,

Jessica N. Meyers
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: Counsel of Record (via ECF)