Kaplan Martin

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

September 25, 2026

**VIA ECF**

Hon. Dale E. Ho
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

*Re:* *Shawn Corey Carter v. Anthony Buzbee, et al.*, Case No. 26 Civ. 2775 (DEH)

Dear Judge Ho:

We write on behalf of Plaintiff Shawn Corey Carter in response to the Buzbee Defendants' letter accusing Plaintiff's counsel of obtaining consent to a page-limit enlargement "by fraud." ECF No. 170 at 1–2.

It is telling that the Buzbee Defendants do not—because they cannot—identify any false statement made by Plaintiff's counsel. Plaintiff filed his page-limit request in the early afternoon of September 24. At that time, Jane Doe remained a defendant, her motion remained pending, and she had not yet executed the declaration filed later that night. The Buzbee Defendants' theory of "fraud" therefore depends on treating a later development as though it had already occurred when Plaintiff sought their consent.

What seems to be happening is that the Buzbee Defendants are attempting to distract attention from their own misconduct by manufacturing a dispute about page limits. In her sworn declaration filed last night, Doe states, among other things, that she was never shown and did not authorize the Buzbee and Curis Defendants to file the complaint in *Doe v. Combs*, No. 24 Civ. 7975 ("Underlying Lawsuit"). ECF No. 166-1 ¶ 15. She also attests that, to her knowledge, Buzbee and his firm filed the Underlying Lawsuit without ever independently investigating or corroborating the false allegations against Mr. Carter. *Id.* ¶¶ 16–18.

We stand by our request for a modest enlargement of the page limit for Plaintiff's consolidated opposition. Doe's dismissal still leaves Plaintiff to respond to two separate motions to dismiss totaling 33 pages. To eliminate any possible dispute, we are willing to reduce our requested limit from 40 pages to 33 pages—the same number of pages the remaining Defendants collectively used in their opening briefs.

Finally, we note that responsibility for Plaintiff's request for an enlargement of the page limit rests entirely with the undersigned and our co-counsel of record. There is simply no justification for singling out our colleague, Max Crema, based on inappropriate accusations of "fraud" or "dishonest conduct."

Plaintiff respectfully requests leave to file a consolidated opposition of up to 33 pages.

Respectfully submitted,

Roberta A. Kaplan    Ellen V. Holloman    Christopher R. Le Coney

cc: All counsel of record (via ECF)