Sheppard

September 25, 2026

+1.714.424.8251
JMeyers@sheppard.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Carter v. Buzbee, et al.*, Case No. 26-cv-02775-DEH

Dear Judge Ho:

I write on behalf of Defendants Anthony Buzbee, David Fortney, and Anthony G. Buzbee LP (collectively, the "Buzbee Parties") with regard to the notice of voluntary dismissal without prejudice Plaintiff Shawn Corey Carter ("Carter") filed last night as to Jane Doe, at ECF No. 166 (the "Notice of Dismissal"). The Notice of Dismissal attached an irrelevant and inflammatory declaration that Carter apparently obtained from Jane Doe (the "Declaration") in exchange for dismissing her.

The Buzbee Parties respectfully request that the Court strike the Declaration pursuant to Federal Rule of Civil Procedure 12(f) as immaterial, impertinent, or scandalous. Carter was not required to file the Declaration along with the Notice of Dismissal, and filing the Declaration seems to serve no purpose other than to harass and impugn the Buzbee Parties.

However, to the extent that the Court considers Jane Doe's bought-and-paid-for Declaration, the Buzbee Parties respectfully request that the Court take judicial notice of the exhibits hereto, which demonstrate that Carter and his attorneys are now advancing testimony that they either (1) ***know*** is probably false and perjurious, or, at best, (2) ***know*** is offered by a witness (Jane Doe) that ***they have spent two years calling inherently unreliable*****, and** ***who has repeatedly offered sworn testimony that is directly contrary to the testimony they secured by dismissing her***. *See, e.g.*, *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998); *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484, 508 n.16 (S.D.N.Y. 2006).

Specifically, Carter and his attorneys have known since March of 2025 that when the Buzbee Parties named Carter as a defendant in the underlying action in December of 2024, they were in possession of two sworn declarations from Jane Doe, dated November 18, 2024, and December 8, 2024, confirming under penalty of perjury the truth of her allegations against Carter. Carter knows

this, because those declarations were filed in California in a case that Carter brought against Buzbee there (the "California Action"). *See* Exhibit 1 at Exhibits A and B thereto. Carter and his attorneys have also known since March of 2025, that Jane Doe submitted multiple sworn declarations in the California Action standing by her claims. *See* Exhibits 2 and 3.

To the extent that the Court considers the Declaration of Jane Doe, it should, accordingly, read that Declaration with the awareness that it directly contradicts Jane Doe's prior sworn testimony, and that Carter and his attorneys know it to be unreliable. After all, Carter and his attorneys urged in their original Compliant that "[a] simple Google or other public record search… would have cast doubt on her credibility… she had been in court on mental health related issues in connection with her second degree assault charge, and had her bail revoked for failing a drug test… she has several mental health disorders, and takes multiple medications…" ECF No. 1 at ¶ 20. In his operative Third Amended Complaint, Carter and his attorneys continue to urge that she is "an unreliable witness" – Carter's words – and that there are "concerns about her credibility." ECF No. 145 at ¶¶ 16, 162.

In sum, there is no evidence that when the Buzbee Parties relied on Jane Doe's multiple declarations they knew her to be a perjurer. Carter and his attorneys lack the same excuse.

Respectfully,

Jessica N. Meyers
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: Counsel of Record (via ECF)