MCDOWELL KNIGHT

**J. Blair Newman, Jr.**
Battle House Tower, Thirteenth Floor
11 North Water Street
Mobile, AL 36602
**mcdowellknight.com**

**bnewman@mcdowellknight.com**
Phone: 251-431-8817
Facsimile: 251-432-5303

September 28, 2026

VIA ECF
The Honorable Dale E. Ho
United States District Court for the
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007
HoNYSDChambers@nysd.uscourts.gov

Re: *Carter v. Buzbee et al.*, Case No. 26-cv-02775-DEH

Dear Judge Ho:

Pursuant to Rule 6(d)(i) of Your Honor's Individual Rules and Practices in Civil Cases, I write on behalf of Defendant Jane Doe with respect to the letter-motion (Doc. 167) filed by Plaintiff Shawn Corey Carter ("Carter") and to request the sealing of the Declaration of Jane Doe ("Doe Declaration") and continued redaction of the publicly filed Doe Declaration (Doc. 166-1).

The redactions are narrowly tailored to shield Doe's name, her private health information, information that could, in combination with other publicly available information, be used to ascertain her identity, and the identity of an innocent third-party.

Doe's identity has not been disclosed in this case, and she is no longer a party. Thus, the higher standard regarding the identity of parties is not applicable. However, the importance of protecting Doe's identity is discussed in greater detail in Doe's Supplemental Memorandum of Law in Support of Motions to Proceed Anonymously (Doc. 164), and Doe adopts and incorporates that filing as if fully set forth herein.

The preservation of Doe's anonymity is essential to her health. In determining the weight to be accorded an assertion of a right of privacy, courts consider the "nature and degree of injury" that could result from disclosure. *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Doe's psychiatrist has opined that "the forced disclosure of her identity in this context would have catastrophic consequences for her mental health," "destabilize her current mental health recovery," exacerbate her symptoms, deteriorate her functioning, and have a "profound negative effect on her overall prognosis." (Doc. 80-1.) Therefore, "preserving her confidentiality and privacy is essential to safeguarding her stability and preventing significant psychiatric harm." (*Id.*)

The redaction of her name, as well as reference to specific incidents that could be used to identify her when compared to publicly available information, is justified for these reasons.

The Doe Declaration includes references to specific diagnoses and potential harm based on past history. Redaction of that information is appropriate. This Court's Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files advises that caution should be used before filing documents that reference medical diagnosis. "It is fundamentally proper to protect the privacy interests of an individual's medical history where possible to do so." *U.S. v. Prop. & Cas. Ins. Co. of Hartford*, No. 23 CIV. 619 (DEH), 2026 WL 522976, at *9 (S.D.N.Y. Feb. 25, 2026) (granting motion to seal medical records); *Torres v. MMS Grp. LLC*, No. 22-CV-6142 (DEH), 2025 WL 2647699, at *8 (S.D.N.Y. Sept. 16, 2025) (noting "the protection of sensitive health information" as a "higher value" that justifies redaction).

The Doe Declaration also includes two references to an individual who was, in connection with the underlying lawsuit, alleged to have been present during the alleged incident. The allegation regarding that individual is not true. Thus, the subject individual is an innocent third-party whose name should not be associated with the allegation. That individual's name has been appropriately redacted, and there are no public ramifications as a result of the redaction. Higher values that justify sealing include "the privacy interests of third parties." *Hong Kong Brown Int'l Trade Co. Ltd. v. FS Medical Supplies LLC*, No. 26 MC 104 (DEH), 2026 WL 948241, at *5 (S.D.N.Y. April 8, 2026); *see also Prop. & Cas. Ins. Co. of Hartford*, 2026 WL 522976, at *9 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (noting the "privacy interests of innocent third parties" as a consideration "which should weigh heavily in a court's balancing equation").

The redactions are narrowly tailored to achieve the purposes justifying redaction. Only Doe's identity, health information, including health information that could be used to identify her, and the identity of an innocent third-party have been redacted.

For the foregoing reasons, the Doe Declaration should remain sealed, and the continued redaction of the publicly filed version of the Doe Declaration is appropriate.

Sincerely,

J. Blair Newman, Jr.
(Admitted *Pro Hac Vice*)
McDowell Knight Roedder & Sledge, LLC
11 North Water Street, Ste. 13290
Mobile, AL 36602

______________________

Telephone: (251) 432-5300
bnewman@mcdowellknight.com
Attorney for Jane Doe

cc: Counsel of Record (via ECF)