ReedSmith
Jordan W. Siev
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 28, 2026

**Via ECF**

Hon. Dale E. Ho
United States District Court for the Southern
District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**Re: *Shawn Corey Carter v. Anthony Buzbee, et al.* Case No. 26-cv-02775-DEH;
Response to Buzbee Defendants' Motion to Strike Jane Doe's Declaration (ECF 172)**

Dear Judge Ho:

On behalf of Plaintiff Shawn Corey Carter, we write in response to the Buzbee Defendants' letter motion to strike the September 24, 2026 declaration of Jane Doe—their own former client—or, in the alternative, for the Court to take judicial notice of Doe's prior declarations that the Buzbee Defendants commissioned. ECF 172. The disingenuous nature of the Buzbee Defendants' request is epitomized by their (false) allegation that Doe's Declaration was "bought-and-paid for" when Doe herself swears to the opposite in her Declaration (ECF 161-1 at ¶ 2). In fact, Doe further swears that, in addition to not receiving a single dollar or anything of value from or on behalf of Mr. Carter, the Buzbee Defendants have previously paid her $1,200 in cash (*id*. at ¶¶ 29-33, 40) as part of their scheme to enrich themselves at Mr. Carter's expense.

As discussed below, the Court should deny the Buzbee Defendants' motion to strike. Mr. Carter has no objection—and indeed welcomes—the Court taking judicial notice of Doe's prior declarations, which the Buzbee Defendants procured from a vulnerable person, who lacked independent advice of counsel (as she now has), and under false pretenses to advance their own interests, not those of their client.

## I. The Buzbee Defendants' Request To Strike Doe's Declaration Is Baseless

The Buzbee Defendants have long promoted themselves as champions of the vulnerable, bravely taking on a "powerful" celebrity on behalf of their client. The record tells a different story. They exploited Doe to pursue their own financial interests without investigating her claims and mental health issues. Then, when their scheme collapsed, they procured Doe's testimony, which they knew to be false, in a failed and now exposed effort to retroactively sanitize their misconduct. And now, when Doe comes forward with genuinely independent counsel, the Buzbee Defendants turn on the very person they claimed to protect. They call Doe a perjurer and ask this Court to strike the only declaration she gave while being advised by independent counsel—the "top-notch" attorney they "retained" for Doe. Their request is as shameful as it is unpersuasive.

As a matter of law, the Buzbee Defendants' motion to strike Doe's September 24, 2026 declaration is not authorized under Fed. R. Civ. P. 12(f), which permits courts to strike material from

ReedSmith

"pleadings"—not declarations. *See Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.,* 800 F. Supp. 3d 523, 525 (S.D.N.Y. 2025).

The Buzbee Defendants claim the submission was "not required" and surmise that it "seems" to have been filed to "harass and impugn the Buzbee Parties." Not true. Mr. Carter submitted Doe's declaration to provide the Court with the appropriate context for why he agreed to dismiss her from the case. Doe admits that Mr. Carter never raped her, never met her, and that the Buzbee Defendants abdicated their most fundamental duties by perpetuating her false claims, including in court filings in this District.

The Buzbee Defendants' argument boils down to their position that all evidence that establishes the Buzbee Defendants' misconduct should be stricken.[1] That is not how our adversary system of litigation works.

## II. Mr. Carter Does Not Object to Judicial Notice of Doe's Prior Declarations

Alternatively, the Buzbee Defendants ask the Court to take judicial notice of four prior declarations Doe signed without independent legal counsel. We welcome the Court taking notice of those declarations, which expose the very misconduct the Buzbee Defendants are trying to conceal.

The Buzbee Defendants essentially argue that while they reasonably relied on Doe in the past because she signed multiple declarations, Mr. Carter cannot rely on Doe because he has spent years arguing she is not credible. But that argument has it exactly backwards.

***First***, the timeline of the declarations explains why. The Buzbee Defendants sued Mr. Carter (as a Doe defendant) on October 20, 2024. Doe's declarations came later—on November 18, 2024, December 8, 2024, February 27, 2025, and March 6, 2025. The declarations were not the basis for suing Mr. Carter. They were an after-the-fact attempt to manufacture a justification for it. Indeed, the first declaration—dated November 18, 2024—came on the very day Mr. Carter (suing as a Doe at that point) sued Mr. Buzbee in California. Having realized they didn't get Doe to confirm her allegations before filing the October 20, 2024 complaint, the Buzbee Defendants tried to cover themselves later—without explaining to her why the declaration was needed, without disclosing that they themselves had been sued, and without advising that Doe should obtain independent legal counsel.

***Second***, the circumstances under which the declarations were drafted and signed is also a problem for the Buzbee Defendants. Doe's September 2026 declaration was made with independent counsel the Buzbee Defendants had handpicked for her when they could no longer represent her as co-defendants in this case. The Buzbee Defendants procured her earlier declarations under false pretenses while Doe had no independent, non-conflicted legal advice at all.

***Third***, the Buzbee Defendants procured Doe's false declarations knowing that her story did not make sense. Any basic Google search would have revealed that her story was physically, geographically, and temporally impossible. The evidence shows they were or should have been aware of and/or ignored serious problems with Doe's claims:

- Doe originally told AVA Law she was a model who attended an afterparty following the Teen Choice Awards in 2000 in New York City. *Id.* at ¶ 9. But Doe was never a model and

[1] *See also* ECF 161 (seeking to strike allegations about Mr. Buzbee's "motives," including his own public statements).

the Teen Choice Awards were in California. Her story later changed to the MTV Video Music Awards.

- Doe told Mr. Fortney about the mental health and criminal issues she was facing when she made her allegations. *Id.* at ¶¶ 28, 34. He never asked her whether any of this affected her memory. *Id.*
- Mr. Fortney had evidence that Doe's account was false—and ignored it. On December 8, 2024, he emailed Doe a link to a YouTube video of the 2000 MTV Video Music Awards and asked her to find herself in the crowd. *Id.* at ¶ 35. She could not. She told him so. *Id.* He never asked a follow-up question. *Id.*
- This same video footage in Mr. Fortney's possession showed there was no jumbotron she claimed to have watched and fans were nowhere near the limousines she claims to have obtained a ride from.
- On December 9, 2024, Doe's father told Mr. Fortney he could not recall picking up Doe from New York City after the 2000 MTV Video Music Awards. Mr. Fortney also learned that the person whom Doe claimed drove her to New York City had died. *Id.* at ¶ 37.
- By late January 2025, Doe herself believes she told Mr. Fortney she had doubts about her claims and did not want to continue with the case. *Id.* at ¶¶ 43-44.

* * *

For the reasons discussed above, the Buzbee Defendants' motion to strike should be denied. Mr. Carter has no objection to the Court taking judicial notice of Doe's prior declarations.

Respectfully submitted,

By: */s/ Jordan W. Siev*
Jordan W. Siev
Casey D. Laffey
Ian M. Turetsky
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
jsiev@reedsmith.com
claffey@reedsmith.com
212-205-6085

By: */s/ Roberta A. Kaplan*
Roberta A. Kaplan
Ellen V. Holloman
Christopher R. Le Coney
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, New York 10036
rkaplan@kaplanmartin.com
eholloman@kaplanmartin.com
cleconey@kaplanmartin.com
212-316-9500

ReedSmith

By: */s/ Alejandro Brito*

Alejandro Brito
*(Admitted PHV)*
BRITO PLLC
2121 Ponce de Leon Blvd,
Suite 650
Coral Gables, Florida 33134
abrito@britopllc.com
305-614-4071

*Attorneys for Plaintiff*
*Shawn Corey Carter*

cc: Counsel of Record (via ECF)