ReedSmith
Driving progress
through partnership

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

November 3, 2026

**VIA ECF**

Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square - Courtroom 905
New York, NY 10007

**Re: *Carter v. Buzbee et al.*, No. 26-cv-2775-DEH**

Dear Judge Ho:

We write on behalf of Plaintiff Shawn Corey Carter ("**Plaintiff**") in the above-referenced action in opposition to the November 3, 2026 letter motion on behalf of defendants Anthony Buzbee, David Fortney, Anthony G. Buzbee LP (d/b/a Buzbee Law Firm) (collectively, the "**Buzbee Defendants**"), and joined by defendants Antigone Curis and Curis Law, PLLC (together, the "**Curis Defendants**" and with the Buzbee Defendants, "**Defendants**") to extend the fact discovery end date in this action by sixty (60) days (ECF 188).

Pursuant to Rule 2(e)(ii) of Your Honor's Individual Rules and Practices in Civil Cases, Defendants were required to state in their motion "whether the adversary consents [to the extension] and, **if not, the reasons given by the adversary for refusal to consent**…" (emphasis added). Plaintiff provided those reasons in writing to Defendants' counsel early this morning, in the form of a proposed insert to Defendants' forthcoming motion, asking them to "please include the following in the letter motion as Plaintiff's reasons for not consenting to a 60-day adjournment." However, instead of including them (as is customary for lawyers in this District), Defendants purported to summarize them in footnote 1 of their motion, claiming that Plaintiff opposes the 60 day extension because Defendants have been dilatory in discovery and "have not yet completed their document productions."

We believe that Your Honor should see our full position, so we include it below in the precise form sent to Defendants' counsel this morning, including the express statement that "Plaintiff has already produced nearly 12,600 pages of documents across seven (7) rounds of production, and will promptly complete document productions. In contrast, the Curis Defendants have not produced ***any*** documents to date, and the Buzbee Defendants have produced only 384 pages of non-public documents (most of which Plaintiff already produced), and two recordings of their former client, Jane Doe (without metadata, despite repeated requests)":

> Plaintiff opposes a 60 day extension of the various discovery deadlines, as he believes the discovery schedule, which has been in place since May 18, 2026, can and should be met. When Defendants' counsel approached Plaintiff's counsel with their proposal to extend the schedule by 60 days, in an effort to not burden the Court unnecessarily and as a compromise, Plaintiff said he would not oppose an extension if it was limited to 30 days,

ReedSmith

and included firm deadlines for Defendants' (significantly delayed) document production, and confirmed party deposition dates. Defendants rejected that offer, insisting on the 60 day extension.

There is simply no valid or necessary reason to extend fact discovery by two full months at this point, which would only reward Defendants for their delays in discovery as set forth below.

Plaintiff has already produced nearly 12,600 pages of documents across seven (7) rounds of production, and will promptly complete document productions. In contrast, the Curis Defendants have not produced ***any*** documents to date, and the Buzbee Defendants have produced only 384 pages of non-public documents (most of which Plaintiff already produced), and two recordings of their former client, Jane Doe (without metadata, despite repeated requests). These delays subsist despite the fact that Defendants have been on notice since September 26, 2026 that their former client, Jane Doe, knowingly and voluntarily waived all attorney-client privileges. There are large swaths of documents that the Buzbee Defendants have yet to produce, or confirm do not exist, including: (1) any communications with Doe prior to filing the original complaint in the underlying action, including transmission of the draft complaint for her approval; (2) anything regarding Defendants' purported fact-checking or investigation into Doe's claims and/or credibility prior to filing the original complaint in the underlying action; (3) documents and communications concerning the demand letters that the Buzbee Defendants sent to Plaintiff in November 2024 (including any correspondence with Doe on the topic prior to sending her letter, or her approval to send the same); (4) documents or communications with AVA Law Group (the firm that purportedly screened Doe's claims and referred the case to the Buzbee Defendants, who allegedly did further investigation and then filed it); and/or (5) documents and communications regarding Doe's polygraph test in December 2024. Although the parties have been meeting and conferring on certain discovery disputes, these unnecessary delays surrounding the production of these patently relevant documents are of Defendants' own making. The slow rate of their production is particularly egregious given that counsel for the Buzbee Defendants in this action has been representing those Defendants on these issues since at least November 2024.

Extending the fact discovery deadline will only reward Defendants for their dilatory conduct. Finally, with nearly two months left to complete fact discovery under the current schedule, we note that no party or non-party witness has claimed complete unavailability to sit for depositions during that time period.

Plaintiff respectfully submits that there is no reason why fact discovery cannot be completed around the upcoming holidays and no later than December 31, 2026, as currently scheduled. If the Court is inclined to

ReedSmith

extend the discovery schedule, Plaintiff respectfully requests that it limit the extension to 30 days.

We thank the Court for its attention to this matter.[1]

Respectfully,

*/s/ Jordan W. Siev*

Jordan W. Siev

cc: All Counsel (Via ECF)

---

[1] As Defendants are well aware, the pending motions to dismiss do not stay discovery, and Defendants have not applied to the Court for any such stay. Thus, the parties have been proceeding under the Court's existing schedule for nearly 6 months, and future hypothetical events that may or may not occur do not change the calculus on the requested extension.